TYLER and others, appellants, *vs.* MAPES and others, respondents.

A testator, after his will had been read over to him, declared himself satisfied with it, and requested S. and T. to subscribe their names as witnesses to its execution. He then executed it by making his mark, and the two witnesses subscribed it. It was then proposed that there should be another witness, and at the request of the testator, T. S. T. was called in. When he came, the will was lying on the table, and the testator, pointing to his mark, told him that was his mark, and requested him to witness it, which he did. *Held* that T. S. T. was not one of the subscribing witnesses to the will, and that the same could not be admitted to probate, upon his testimony as such.

*Held also*, that, to constitute T. S. T. a subscribing witness, with the others, all the requisites to a due execution of the will should have been repeated in his presence. That the testator should have again acknowledged his signature, and should have again, in some form, declared the instrument to be his last will and testament, and then have requested the witness to attest its execution.

THIS was an appeal from a decree of the surrogate of Sullivan county, admitting to probate the last will and testament of Amos Tyler, deceased. The testator died on the 18th day of October, 1853, leaving a will, by which he gave all his property to his nine children, some of whom were alleged to be illegitimate. The appellant Paul A. Tyler, and the respondent Sylvester Mapes, a son in law, were nominated in the will as executors. The will purported to have been executed in the presence of Charles F. Stanley, Paul A. Tyler and Thomas S. Tyler, whose names appear as subscribing witnesses to its execution. It was offered for probate by the respondent Mapes. Stanley testified that he drew the will at the request of the testator, and when completed he read it over to the testator, who expressed himself satisfied, and requested the witness and Paul A. Tyler, who was a son of the testator, and a devisee and executor named in the will, to subscribe their names, as witnesses to its execution. The testator executed the will by making his mark, and the two witnesses subscribed it. It was then proposed that there should be another witness, and at the request of the testator, Thomas S. Tyler was called in. When he came the will was lying on the table and the

Tyler *v.* Mapes.

testator, pointing to his mark, told him that was his mark, and requested him to witness it, which he did. The testimony of Thomas S. Tyler was substantially to the same effect. Paul A. Tyler was not examined. Upon this proof the will was admitted to probate.

*S. J. Wilkin,* for the appellants.

*G. W. Lord,* for the respondents.

*By the Court,* HARRIS, J. According to the testimony of the witness, Stanley, the execution of the will was completed when Thomas S. Tyler was called in. It had been signed and published and the requisite number of witnesses had, at the request of the testator, subscribed it. I will not say it might not have been re-executed in the presence of Thomas S. Tyler. But to constitute him a subscribing witness with the others, all the requisites to a due execution of the will must have been repeated in his presence. The testator should again have acknowledged his signature, and should have again, in some form, declared the instrument to be his last will and testament, and then have requested the witness to attest its execution. But this was not done. But for the evidence of what occurred before Thomas S. Tyler was brought in, there would be no proof at all of publication. What was said and done in his presence cannot be construed into a declaration of the testator that the instrument he requested him to witness was his last will and testament. Thomas S. Tyler was not, therefore, a subscribing witness, within the intent and meaning of the statute. There were in fact but two witnesses to the execution of the will.

The act of 1837 relating to the proof of wills &c., requires that at least two subscribing witnesses shall be produced and examined before the surrogate, before a will shall be admitted to probate, if there are so many living in the state, of sound mind, and not disabled from age, sickness or infirmity, from attending to be examined. There were in this state two wit-

nesses to the execution of the will, and but two. The party propounding the will for proof did not show himself excused from producing them. One only was in fact examined. The surrogate was not at liberty upon his testimony alone to establish the will and order it to be admitted to probate. The decree must therefore be reversed, and the proceedings remitted to the surrogate of Sullivan.

[ALBANY GENERAL TERM, May 1, 1854. *Wright, Harris* and *Watson,* Justices.]